UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
PEDRO MARTINEZ, individually and as the                     :
representative of a class of similarly situated             :   **MEMORANDUM DECISION**
persons,                                                    :   **AND ORDER**
                                                            :
                              Plaintiff,                    :   21-cv-4779 (BMC)
                                                            :
              - against -                                   :
                                                            :
MYLIFE.COM, INC.,                                           :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff Pedro Martinez, individually and on behalf of a class, brings this action against MyLife.com, Inc., alleging violations of the Americans with Disabilities Act ("ADA") and corresponding New York state and city laws. Before me is defendant's motion to dismiss. For the reasons stated below, defendant's motion is GRANTED.

BACKGROUND

      Plaintiff is a legally blind individual with a visual impairment as defined under the ADA, 42 U.S.C. § 12102(1)-(2). To access the internet independently, plaintiff must use screen reading software. Defendant owns, manages, controls, and maintains the website for MyLife.com, Inc., with the online domain name www.mylife.com (the "website"). The website provides consumers with access to an array of goods and services, including the ability to create an account and purchase a subscription to manage, improve, and learn about one's online reputation. Plaintiff attempted to access the website to check his online reputation, learn who was searching for him, search for old acquaintances, and improve his reputation score. However,

he was unable to fully access the website as his screen reading software is incompatible with websites with exclusively visual interfaces like that of MyLife.com.

Plaintiff brings this lawsuit alleging that the website's inaccessibility violates the ADA and corresponding New York state and city laws. Defendant has moved to dismiss the ADA claim on two grounds. First, defendant argues that its website is not a "place of public accommodation" within the meaning of the ADA. Second, defendant contends that the complaint does not allege that plaintiff requested and was denied any reasonable modification to defendant's website on account of his disability. I agree with the first argument and do not reach the second.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "constru[e] the complaint liberally, accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." Elias v. Rolling Stone LLC, 872 F.3d 97, 104 (2d Cir. 2017) (quoting Chase Grp. All. LLC v. City of New York Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010)). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### II. ADA Claim

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim, a plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him by denying him a full and equal opportunity to enjoy the services the defendant provides. See Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008). At issue in this case is whether defendant's website is a place of public accommodation.

The Second Circuit has not yet resolved the question of whether a website is a place of public accommodation under the ADA. See Winegard v. Newsday LLC, No. 19-cv-04420, 2021 WL 3617522, at *1 (E.D.N.Y. Aug. 16, 2021). Although the majority of Circuits have held that websites are not places of public accommodation, see Gil v. Winn-Dixie Stores, Inc., 993 F.3d 1266, 1276-77 (11th Cir. 2021); see also In Robles v. Domino's Pizza, LLC, 913 F.3d 898, 904 (9th Cir. 2019), district courts in the Second Circuit have reached opposite conclusions. Compare Nat'l Fed'n of the Blind v. Scribd Inc., 97 F. Supp. 3d 565 (D. Vt. 2015) (Title III of the ADA covers the website of a company without any physical locations), with Suris v. Gannett Co., No. 20-cv-1793, 2021 WL 2953218, at *1 (E.D.N.Y. July 14, 2021) (defendants' website is not a place of public accommodation within the meaning of the ADA).

The ADA defines the term "public accommodation" through an enumerated list of twelve categories of private entities, each followed by a residual clause. See 42 U.S.C. § 12181(7). "In order to be a place of public accommodation, a facility . . . must fall within one of these 12 categories." 28 C.F.R. § 36.104, Appendix C. Websites or other virtual businesses are not included explicitly or implicitly among any of the categories.

As defendant's website "must fall within" one of these categories to be considered a place of public accommodation, plaintiff picks what he believes to be the best fit, contending that the website falls into the residual clause of a "sales establishment." However, the plain text of the statute contemplates inclusion of only businesses with a physical location. Of the fifty specific examples of businesses contained within the ADA's definition of "public accommodation", at least forty-nine indisputably relate to physical places. Winegard, 2021 WL 3617522, at *3. This focus on tangible, physical places "demonstrate[s] Congress's decision to apply the ADA's anti-discrimination provision to physical places rather than business operations generally." Id. "The limitation emerging from this definition is unmistakable" that "the ADA excludes, by its plain language, the websites of businesses with no public-facing, physical retail operations from the definition of 'public accommodations.'" Id.[1]

Plaintiff argues that other district courts have relied on legislative history to find that "[t]he twelve categories of public accommodations in particular also should be construed liberally." Scribd, Inc., 97 F. Supp. 3d at 573 (quotations omitted). His argument falls flat, however, as even liberally construed, I cannot find that defendant['s] website is a sales establishment. To define a sales establishment under the ADA, we must consider it in the context of the specific list of which it is a part. See Winegard, 2021 WL 3617522, at *5; see also Hall St. Assocs. v. Mattel, 552 U.S. 576, 586 (2008) ("[W]hen a statute sets out a series of specific items ending with a general term, that general term is confined to covering subjects

---

[1] Plaintiff attempts to distinguish this case from Winegard. He points out that the Winegard defendant was a publishing company, while this case involves an online retailer. Plaintiff argues that an online retailer is closer than a publishing company to the types of entities on the list of places of public accommodation. I am not persuaded by plaintiff's argument, particularly because I disagree with his factual characterization. Although Mylife.com also offers access to certain services through paid memberships, it acts as a publisher of publicly accessible reputation profiles. Notably, defendant utilizes the North American Industry Classification System code for "internet publishing and broadcasting and web search portals," and not the NAICS code for online retailers.

4

comparable to the specifics it follows."). All the specific examples preceding or following "sales establishment" – "a bakery, grocery store, clothing store, hardware store, shopping center . . . or rental establishment" – are brick-and-mortar stores selling physical goods. 42 U.S.C. § 12181(7)(e). In this context, construing a "sales establishment" to include a website selling web-based services would contravene this settled principle of statutory interpretation.

Plaintiff is correct that there are circumstances under which a website may be a place of public accommodation under the ADA. For example, "when the [web]site in question serves as an adjunct to a brick-and-mortar business" then "district courts in this Circuit have generally concluded that a website does qualify" as a place of public accommodation. Winegard, 2021 WL 3617522, at *1. This interpretation covers websites like that of a local brick-and-mortar hardware or grocery store. However, as MyLife.com, Inc. has no public-facing, physical retail operations, those cases do not apply.

Plaintiff also urges the Court to follow other district court cases that have held that stand-alone websites qualify as public accommodations within the meaning of the ADA. See, e.g., Thorne v. Formula 1 Motorsports, Inc., No. 19-cv-1077, 2019 WL 6916098, at *4 (S.D.N.Y. Dec. 19, 2019); Del-Orden v. Bonobos, Inc., No. 17-cv-2744, 2017 WL 6547902, at *5 (S.D.N.Y. Dec. 20, 2017); Scribd, Inc., 97 F. Supp. 3d at 567; Andrews v. Blick Art Materials, LLC, 368 F. Supp. 3d 381 (E.D.N.Y. Aug. 1, 2017); Marett v. Five Guys Enterprises LLC, No. 17-cv-788, 2017 WL 5054568 (S.D.N.Y. July 21, 2017). Each of these cases relies in part on Pallozzi v. Allstate Life Insurance Co., 198 F.3d 28 (2d Cir. 1999). There, the Second Circuit accepted as true that the business in question was a place of "public accommodation," but it did not decide the issue – the issue before it was whether the covered category of "insurance offices" included "insurance companies." Id. at 31 ("We start with the fact that Title III specifies an

5

'insurance office' as a 'public accommodation.'"). Therefore, Pallozzi – nor its progeny – mandate or suggest any conclusion as to whether a stand-alone website, such as the one at issue here, is a place of public accommodation.

As I conclude that the website is not a place of public accommodation under the ADA, plaintiff has failed to state an ADA claim.

### III. State and City Law Claims

Having dismissed the federal claims, I decline to exercise supplemental jurisdiction over the remaining state and city law claims. See 28 U.S.C. § 1367(c); see also Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (noting that "in the usual case in which all federal-law claims are eliminated before trial," courts should decline jurisdiction over the non-federal claims) (quotations omitted).

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. The ADA claim is dismissed with prejudice and remaining state and city claims are dismissed without prejudice.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
November 1, 2021